J-S69010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF:  C.F., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  T.F., MOTHER | No. 1000 MDA 2018 |

Appeal from the Order Entered May 16, 2018
In the Court of Common Pleas of Dauphin County
Juvenile Division at No(s): CP-22-DP-0000059-2018

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED DECEMBER 24, 2018**

T.F. (Mother) appeals from the May 16, 2018 dispositional order that continued placement of C.F. (Child), born in May of 2005, in the care of Dauphin County Children and Youth Services (Agency).  Following our review, we affirm.

This dependency matter arose out of an extended custody battle between Mother and M.F. (Father) that began in 2011.[1]  As to the present situation, the May 16, 2018 order, currently on appeal, provides for legal custody of Child to remain with the Agency, that Child remain in foster care, and that visitation with each parent is to be supervised by the Agency.[2]  The court also ordered parents to engage in individual as well as family therapy

_____

[1] An early custody order issued in 2012 provided for joint legal custody with Mother having primary physical custody and Father having partial physical custody.

[2] Previously, on March 28, 2018, the Agency had filed a dependency petition, and following an adjudicatory hearing held on April 3, 2018, the court determined that Child was a dependent child and legal and physical custody was placed with the Agency.  Neither parent objected to the dependency order, nor was an appeal taken from the dependency order.

and to create a custody schedule together through the family therapy sessions. Additionally, the court found that this disposition would be "best suited to the protection and physical, mental and moral welfare of [C]hild." Order, 5/16/18, at 2.

Mother filed a timely appeal and a statement of matters complained of on appeal. In her brief, Mother's questions, which essentially mirror those set forth in her statement, are as follows:

> [1.] Whether the court abused its discretion in removing the minor [C]hild from Mother's home?
>
> [2.] Whether the court abused its discretion in finding that remaining in the home is contrary to the welfare, safety, and health of [C]hild when Mother has not been found to be in any way a threat to [C]hild?
>
> [3.] Whether the Agency and the court failed to make reasonable efforts to eliminate removal of [C]hild from the home prior to placement of [C]hild?
>
> [4.] Whether lack of preventive services being offered to prevent [C]hild from emergency placement was unreasonable?
>
> [5.] Whether reasonable efforts were not made to return [C]hild home after emergency placement was made?

Mother's brief at 2.[3]

_____

[3] We recognize that a large portion of Mother's argument relating to her first issue involves her contention that her due process rights were violated. Nothing contained in her statement as to issue one even hints that she is claiming a due process violation. Nor does Mother indicate where in the record she raised this issue with the trial court. Therefore, we are compelled to conclude that this argument is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement … are waived."); Pa.R.A.P. 302(a) ("Issues

Our scope and standard of review in dependency cases is as follows:

We must accept the facts as found by the trial court unless they are not supported by the record. Although bound by the facts, we are not bound by the trial court's inferences, deductions, and conclusions therefrom; we must exercise our independent judgment in reviewing the court's determination, as opposed to its findings of fact, and must order whatever right and justice dictate. We review for abuse of discretion. Our scope of review, accordingly, is of the broadest possible nature. It is this Court's responsibility to ensure that the record represents a comprehensive inquiry and that the hearing judge has applied the appropriate legal principles to that record. Nevertheless, we accord great weight to the court's fact-finding function because the court is in the best position to observe and rule on the credibility of the parties and witnesses.

*In the Interest of A.N.*, 39 A.3d 326, 330 (Pa. Super. 2012) (quoting *In re C.M.T.*, 861 A.2d 348, 351 (Pa. Super. 2004) (citations omitted)).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough, well-written 31-page opinion authored by the Honorable William T. Tully of the Court of Common Pleas of Dauphin County, dated August 3, 2018. We conclude that Judge Tully's extensive opinion accurately disposes of the issues presented by Mother on appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Tully's opinion as our own and affirm the May 16, 2018 order on that basis.

Order affirmed.

---

not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/24/2018</u>